**LANZA & LANZA LLP**
Five Main Street
MAILING ADDRESS: P.O. BOX 2520
FLEMINGTON, NEW JERSEY 08822
(908) 782-2600
ATTORNEYS FOR PLAINTIFFS: BELLA NAPPE & JOSEPH NAPPE

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| **JOSEPH NAPPE** and **BELLA NAPPE**, | : |
| | : |
| Plaintiffs, | : CIVIL ACTION NO. 2:13-cv-03088-KM-MAH |
| | : |
| vs. | : |
| | : |
| **BAUSCH & LOMB PHARMACEUTICAL** and **JOHN DOES 1-10** (representing fictitious individuals or entities who may be responsible to Plaintiff), | : FIRST AMENDED COMPLAINT |
| | : |
| Defendants. | : |

---

Plaintiffs, Joseph Nappe and Bella Nappe, residing at 1383 Schindler Drive, South Plainfield, New Jersey 07080, by way of First Amended Complaint against the Defendants say:

### FIRST COUNT
### (STRICT LIABILITY)

1. At all times mentioned in this Complaint, Defendant, Bausch & Lomb Pharmaceutical (hereafter "B&L") held itself out to the public as a corporation licensed to do business in the State of

1

New Jersey with offices/facilities at 7 Giralda Farms, Suite 1001, Madison, New Jersey 07940.

2. B&L's headquarters is at One Bausch & Lomb Place, Rochester, New York, 14609.

3. B&L is a supplier of medical products, including, but, not limited to contact lens solution.

4. At all times relevant, Plaintiff, Joseph Nappe, was, and is, the lawful husband of Plaintiff, Bella Nappe.

5. Plaintiff, Bella Nappe used Renu Fresh multi-purpose solution for her eyes and contact lens during 2011.

6. Renu fresh multi-purpose solution was tested, studied, researched, evaluated, endorsed, designed, formulated compounded, manufactured, produced, processed, assembled, inspected, distributed, marketed, labeled, promoted, packaged, advertised for sale, sold and/or otherwise placed in the stream of commerce by Defendant, B&L and/or John Does 1-10.

7. At all times mentioned herein the Defendants are or were engaged in the business of, or were successors in interest to, entities engaged in the business of research, licensing, designing, formulating testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and/or advertising for sale or selling Renu Fresh multi-purpose solution for use by Plaintiffs.

8. At all times mentioned herein, the officers and directors of the Defendants named herein participated in, authorized and directed the production and promotion for the aforementioned

2

product when they know, or with the exercise of reasonable care should have known, of the hazards and dangerous propensities of said product and thereby actively participated in the tortuous conduct which resulted in the injuries suffered by Plaintiffs.

9. Renu Fresh multi-purpose solution was held out by Defendants to be a safe and effective for cleaning, disinfecting, rinsing, storing and removing protein daily for contact lens.

10. Renu Fresh multi-purpose solution was held out by Defendants to be a way to have a fresh lens feeling everyday and providing fresh lens comfort.

11. Plaintiffs and/or their physicians relied on Defendant's promises by Defendants Renu Fresh multi-purpose solution was a safe and effective for cleaning, disinfecting, rinsing, storing and removing protein daily for contact lens of safety.

12. Plaintiffs and/or their physicians relied on Defendant's promises by Defendants Renu Fresh multi-purpose solution was a safe way to have a fresh lens feeling everyday and providing fresh lens comfort.

13. What Plaintiffs received however was not a safe product but a product Defendants knew, or should have known, to cause serious injuries, despite the Renu Fresh multi-purpose solution reaching Plaintiff without a substantial change in its' condition.

14. Plaintiff, Bella Nappe used the Renu Fresh multi-purpose solution designed, manufactured, packaged, labeled, distributed and sold by Defendants, B&L and/or John Does 1-10 in 2011.

15. The subject Renu Fresh multi-purpose solution was intended to be a safe and effective way of cleaning, disinfecting, rinsing, storing and removing protein daily from contact lens, the use for which Defendants marketed the product.

16. After, and as a direct and proximate result of, the use of Renu Fresh multi-purpose solution, Plaintiff, Bella Nappe experienced pain, suffering and sustained permanent injuries as a result of developing a corneal fungal infection, ulcer and related problems in 2011.

17. Defendants, B&L and/or John Does 1-10 knew, or should have known the risk of serious injury Renu Fresh multi-purpose solution presented such as causing fungal infections, but, in spite of those risks, Defendants continued to market Renu Fresh multi-purpose solution without adequate warnings.

18. As a direct and proximate result of using Defendants' Renu Fresh multi-purpose solution Plaintiff, Bella Nappe developed eye problems, including, but not necessarily limited to, a corneal fungal infection and ulcer of her left eye in 2011.

19. Plaintiff experienced persistent visual problems interfering with her lifestyle and daily activities as a direct and proximate result of using Defendants' Renu Fresh multi-purpose solution, including cornea scarring.

20. Plaintiff was required to treat with physicians for months, including, but not limited to, having a cornea transplant in July 2011.

4

21. After Plaintiff had a cornea transplant in July 2011 her treating physician informed Plaintiff Defendants' Renu Fresh multi-purpose solution had caused the corneal fungal infection.

**WHEREFORE**, the Plaintiffs, Bella Nappe and Joseph Nappe, demand Judgment against the Defendants, Bausch & Lomb Pharmaceutical and/or John Does 1-10, jointly and severally, for compensatory damages, punitive damages, attorney's fees, costs and interest and all other relief deemed just and appropriate.

## SECOND COUNT
### (STRICT LIABILITY-FAILURE TO WARN)

1. Plaintiffs, Joseph Nappe and Bella Nappe, repeat and reiterate each and every allegation contained in the First Count of their Complaint as if set forth at length herein.

2. At all times relevant hereto the Defendants, B&L and/or John Does 1-10 were engaged in the business of, or were successors in interest to entities engaged in the business of, research, licensing, designing, formulating, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and/or advertising for sale or selling Renu Fresh multi-purpose solution.

3. Defendants designed, manufactured, assembled, distributed, and sold Renu Fresh multi-purpose solution to consumers such as Plaintiff, Bella Nappe, knowing and intending that it would be used to clean, disinfect, rinse, store and remove protein from contact lenses.

5

4. Defendants designed, manufactured, assembled, distributed, and sold Renu Fresh multi-purpose solution to consumers such as Plaintiff, Bella Nappe, knowing and intending consumers expected the Renu Fresh multi-purpose solution to provide a fresh lens feeling and fresh lens feeling everday.

5. Defendants' Renu Fresh multi-purpose solution was expected to and did reach Plaintiff, Bella Nappe without substantial change in its' condition as manufactured and sold by Defendants. In light of the defects of Renu Fresh multi-purpose solution, including causing individuals such as Plaintiff to have discomfort and pain, at the times when Renu Fresh multi-purpose solution reached Plaintiff, it was defective in a manner not contemplated by any reasonable person among the expected users of Renu Fresh multi-purpose solution, and was unreasonably dangerous to the expected users of Renu Fresh multi-purpose solution when used in a reasonably expectable way of handling or consumption.

6. Renu Fresh multi-purpose solution was designed, manufactured, assembled, distributed and sold by Defendants to the ultimate user/consumer, Plaintiff, Bella Nappe, in a defective condition, unreasonably dangerous to any user or consumer of the product and Plaintiff, Bella Nappe, was and is a person that Defendants should reasonably have foreseen as being subject to the harm caused by the product's defective condition whereby the product caused pain, discomfort, irritation, including, but not limited to a fungal eye infection.

6

7. The warning instructions and directions provided with Renu Fresh multi-purpose solution by Defendants failed to warn of the dangerous propensities of Renu Fresh multi-purpose solution, which risks were known or reasonably scientifically knowable to Defendants.

8. Defendants knew or should have known of the defective condition, characteristics and risks associated with said product, including the possibility users such as Plaintiff, Bella Nappe would develop problems such as fungal eye infections.

9. Defendants should have, but did not, warn end users, including, but not limited to Plaintiff, the risks associated with said product, included the possibility users such as Plaintiff, Bella Nappe would develop problems such as fungal eye infections.

10. Plaintiff was not aware of, and could not in the reasonable exercise of reasonable care, have discovered the defective manner Defendants' Renu Fresh multi-purpose solution nor could Plaintiff have known that Defendants' designed, manufactured or assembled the Renu Fresh multi-purpose solution in a manner that would increase the risk of bodily injury to Plaintiff.

11. As a direct and proximate result of Defendants' design, manufacture, assembly, marketing, distribution and sales of the Renu Fresh multi-purpose solution, Plaintiffs, Bella Nappe and Joseph Nappe, have sustained and will continue to sustain severe physical injuries, pain and loss of consortium.

**WHEREFORE**, the Plaintiffs, Bella Nappe and Joseph Nappe, demands Judgment against the Defendants, Bausch & Lomb

Pharmaceutical and/or John Does 1-10, jointly and severally, for compensatory damages, punitive damages, attorney's fees, costs and interest and all other relief deemed just and appropriate.

### THIRD COUNT
### (NEGLIGENCE)

1. Plaintiffs, Joseph Nappe and Bella Nappe, repeat and reiterate each and every allegation contained in the First and Counts of their Complaint as if set forth at length herein.

2. Defendants had a duty to Plaintiffs to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, market, label, package, distribute, prepare for use, sell, prescribe and adequately warn of the risks and damages of using the Renu Fresh multi-purpose solution.

3. Although Defendants knew or should have known the Renu Fresh multi-purpose solution caused unreasonable, dangerous side effects, Defendants continued to market and sell the Renu Fresh multi-purpose solution to consumers including Plaintiff, Bella Nappe without warning Plaintiff of the possibility she would develop a fungal eye infection.

4. Defendants breached their duty of care to Plaintiffs by negligently, carelessly and recklessly, manufacturing, designing, distributing, marketing, labeling, producing, packaging, preparing for use and selling the aforementioned Renu Fresh multi-purpose solution.

5. Defendants breached their duty of care by failing to adequately test Renu Fresh multi-purpose solution to ensure it

8

would not pose of risk of harm to consumers, such as Plaintiff, Bella Nappe, of causing problems, including, fungal eye infections.

6. Defendants breached their duty of care by failing to warn Plaintiff the risks and dangers of the Renu Fresh multi-purpose solution including the possibility, among other things, of developing a fungal eye infection.

7. Defendants knew or should have known that consumers such as Plaintiff would suffer injures as a result of the Defendant's failure to exercise ordinary care.

8. As a direct and proximate result of the Defendants' carelessness, negligence and recklessness, Plaintiffs, Bella Nappe and Joseph Nappe, have sustained and will continue to sustain severe physical injuries, pain and loss of consortium.

**WHEREFORE**, the Plaintiffs, Bella Nappe and Joseph Nappe, demands Judgment against the Defendants, Bausch & Lomb Pharmaceutical and/or John Does 1-10, jointly and severally, for compensatory damages, punitive damages, attorney's fees, costs and interest and all other relief deemed just and appropriate.

### FOURTH COUNT
### (BREACH OF IMPLIED WARRANTY)

1. Plaintiffs, Joseph Nappe and Bella Nappe, repeat and reiterate each and every allegation contained in the First, Second and Third Counts of their Complaint as if set forth at length herein.

2. Prior to the time the Renu Fresh multi-purpose solution was used by Plaintiff, Defendants impliedly warranted to Plaintiff that

9

the Renu Fresh multi-purpose solution was of merchantable quality an safe and fit for the use for which it was intended.

3. Renu Fresh multi-purpose solution was intended and warranted by Defendants to be used by consumers, such as Plaintiff, Bella Nappe, as a safe and effective for cleaning, disinfecting, rinsing, storing and removing protein daily for contact lens.

4. Renu Fresh multi-purpose solution was intended and warranted by Defendants to be used by consumers, such as Plaintiff, Bella Nappe, as a way to have a fresh lens feeling everyday and providing fresh lens comfort.

5. Plaintiff was and is unskilled in the research, design and manufacture of the Renu Fresh multi-purpose solution and Plaintiff reasonably relied on the skill, judgment and implied warranty of the Defendants in using the Renu Fresh multi-purpose solution.

6. The aforementioned Renu Fresh multi-purpose solution was neither safe for its intended use nor of merchantable qualify, as warranted by Defendant, in that the Renu Fresh multi-purpose solution had dangerous propensities when put to its intended use which would and did cause severe injuries to its' users, including causing Plaintiff, Bella Nappe to develop a fungal eye infection.

7. As a direct and proximate result of the Defendants' breach of implied warranties by the Defendants, Plaintiffs, Bella Nappe and Joseph Nappe, have sustained and will continue to sustain severe physical injuries, pain and loss of consortium.

**WHEREFORE**, the Plaintiffs, Bella Nappe and Joseph Nappe, demands Judgment against the Defendants, Bausch & Lomb

Pharmaceutical and/or John Does 1-10, jointly and severally, for compensatory damages, punitive damages, attorney's fees, costs and interest and all other relief deemed just and appropriate.

## FIFTH COUNT
### (BREACH OF EXPRESS WARRANTY)

1. Plaintiffs, Joseph Nappe and Bella Nappe, repeat and reiterate each and every allegation contained in the First, Second, Third and Fourth Counts of their Complaint as if set forth at length herein.

2. Prior to the time the Renu Fresh multi-purpose solution was used by Plaintiff, Defendants expressly represented and warranted to Plaintiff or Plaintiff's agents and physicians by and through statements made by Defendants or Defendants authorized agents, sales representatives, employees, orally and in publications package inserts and/or other written materials intended for physicians, medical patients and the general public, that the Renu Fresh multi-purpose solution was safe, effective, fit and proper for its' intended use.

3. Renu Fresh multi-purpose solution was intended by Defendants to be used by consumers, such as Plaintiff, Bella Nappe, as a safe and effective for cleaning, disinfecting, rinsing, storing and removing protein daily for contact lens.

5. Renu Fresh multi-purpose solution was intended by Defendants to be used by consumers, such as Plaintiff, Bella Nappe, as a way to have a fresh lens feeling everyday and providing fresh lens comfort.

6. In reliance upon said warranties and representations, the Renu Fresh multi-purpose solution was accepted to be used by Plaintiff, Bella Nappe.

7. In utilizing the Renu Fresh multi-purpose solution, Plaintiff reasonably relied on the skill, judgment and express representations and warranty of the Defendants in using the Renu Fresh multi-purpose solution.

8. The aforementioned Renu Fresh multi-purpose solution was neither safe for its intended use nor of merchantable qualify, as warranted and represented by Defendant, in that the Renu Fresh multi-purpose solution had dangerous propensities when put to its intended use which would and did cause severe injuries to its' users.

9. As a direct and proximate result of the Defendants' breach of express warranties by the Defendants, Plaintiffs, Bella Nappe and Joseph Nappe, have sustained and will continue to sustain severe physical injuries, pain and loss of consortium.

**WHEREFORE**, the Plaintiffs, Bella Nappe and Joseph Nappe, demands Judgment against the Defendants, Bausch & Lomb Pharmaceutical and/or John Does 1-10, jointly and severally, for compensatory damages, punitive damages, attorney's fees, costs and interest and all other relief deemed just and appropriate.

### SIXTH COUNT

1. Plaintiffs, Joseph Nappe and Bella Nappe, repeat and reiterate each and every allegation contained in the First, Second,

Third, Fourth and Fifth Counts of their Complaint as if set forth at length herein.

2. Defendants, B&L and John Does 1-10, from the time the Renu Fresh multi-purpose solution was first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and at all times relevant, made false representations to the Plaintiff and/or the Plaintiff's agents, physicians and general public, including, but not limited to the misrepresentation that the Renu Fresh multi-purpose solution was safe, effective, fit and proper for its' intended use. Defendants, negligently or willfully deceived Plaintiff and general public as to the health risks and consequences of the use of the aforementioned product.

3. Renu Fresh multi-purpose solution was represented by Defendants to be a safe and effective for cleaning, disinfecting, rinsing, storing and removing protein daily for contact lens.

4. Renu Fresh multi-purpose solution was represented by Defendants to be a way to have a fresh lens feeling everyday and providing fresh lens comfort.

5. Defendants made the foregoing representations without any reasonable ground for believing them to be true. Those representations were made directly by Defendants' agents, employees and/or representatives in publications and/or other written materials directed to the general public, with the intention of inducing reliance and the use of the Renu Fresh multi-purpose solution.

6. The foregoing representations by Defendants were in fact false, in that the Renu Fresh multi-purpose solution was not safe, fit and effective. The use of the Renu Fresh multi-purpose solution was hazardous to health and the use of the Renu Fresh multi-purpose solution had a serious propensity to cause serious injuries to users, including, but not limited to, the injuries suffered by the Plaintiff, Bella Nappe.

7. The foregoing representations by Defendants were made with the intention of inducing reliance for the use of the Renu Fresh multi-purpose solution.

8. In reliance of the misrepresentations made by the Defendants, Plaintiff and/or Plaintiff's agents were induced to use the Renu Fresh multi-purpose solution. If Plaintiff had known of the true facts about the Renu Fresh multi-purpose solution Plaintiff would not have used the Renu Fresh multi-purpose solution. The reliance by Plaintiff upon the Defendant's misrepresentations were justified because such misrepresentations were made and conducted by individuals and/or entities that were in a position to know the true facts.

9. As a direct and proximate result of the Defendants' misrepresentations, Plaintiffs, Bella Nappe and Joseph Nappe, have sustained and will continue to sustain severe physical injuries, pain and loss of consortium.

**WHEREFORE**, the Plaintiffs, Bella Nappe and Joseph Nappe, demands Judgment against the Defendants, Bausch & Lomb Pharmaceutical and/or John Does 1-10, jointly and severally, for

compensatory damages, punitive damages, attorney's fees, costs and interest and all other relief deemed just and appropriate.

### JURY DEMAND

Plaintiffs, Joseph Nappe and Bella Nappe, hereby demand a trial by jury as to all issues.

### CERTIFICATION OF NO OTHER PENDING ACTIONS

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

Date: 6/10/13

LANZA & LANZA LLP
Attorneys for Plaintiffs,
Joseph Nappe & Bella Nappe

By: _____
Kenneth W. Thomas, Esq.